UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HERBERT TALBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:26-cv-03040-MMM |
| | ) | |
| JB PRITZKNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Pontiac Correctional Center, seeks to assert claims in this Court.

Plaintiff's Petition to Proceed in Forma Pauperis (Doc. 5) is granted. Clerk to calculate initial partial filing fee and collect same upon receipt of trust fund ledger.

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and, through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v.*

*United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although district courts are to accept all well-pleaded allegations in a plaintiff's favor and although district courts are to construe *pro se* complaints liberally, the Court need not accept allegations that are "conclusory or ridiculous." *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010). Moreover, to state a claim upon which relief can be granted, the plaintiff's claim must be plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint lacks an arguable factual basis when the allegations are "fanciful, fantastic, and delusional," or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Under such circumstances, a court may dismiss the claim as factually frivolous. *Id. see also Lee v, Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) ("A claim is factually frivolous if its allegations are bizarre, irrational or incredible.").

Plaintiff names JB Pritzkner, Kwame Raoul, Latoya Hughes, Illinois Department of Corrections, The People of the State of Illinois, and the Illinois State Bar as Defendants. Plaintiff alleges extensive sovereign-citizen type assertions, regarding existing as a corporation or D/B/A, having obtained bankruptcy defaults against various Defendants, and many more similarly frivolous and baseless assertions.

Plaintiff's claim is not plausible on its face. The Complaint fails to state a claim. This action is dismissed. The dismissal is with prejudice because amendment would be futile and would encourage further abuse of the judicial process. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915A.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion to Proceed in Forma Pauperis [5] is GRANTED. Clerk to calculate and collect initial partial filing fee upon receipt of trust ledger.

2. Plaintiff's complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted. Amendment of Plaintiff's complaint would be futile. The Clerk of the Court is directed to enter judgment in favor of Defendants and against Plaintiff. This case is terminated.

3. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis (if filed) must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose … has some merit" from a legal perspective).

Entered this 3rd day of March, 2026.

s/*Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE